**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

SCOOTER LYNN ROBINSON, #L1529                                            PLAINTIFF

V.                                               CIVIL ACTION NO. 5:16-CV-00041-MTP

FRANK SHAW, ET AL                                                        DEFENDANTS

## OPINION AND ORDER

BEFORE THE COURT is the *pro se* and *in forma pauperis* ("IFP") Complaint [1] of

Plaintiff Scooter Lynn Robinson, filed pursuant to 42 U.S.C. § 1983. Following the *Spears*[1]

hearing in this case, the Court finds that: (1) Plaintiff's claims against Shanquita Rowan and

Alonzo Harvey regarding due process violations stemming from a Rules Violation Report

("RVR") hearing should be dismissed; (2) Plaintiff's claim that Delvettia Davis was deliberately

indifferent to him as food made him sick should be dismissed; and (3) Plaintiff's claims

regarding the alleged lack of response to his grievances, lack of investigation of his complaints,

and having grievances decided against him should be dismissed.

## BACKGROUND

As Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter

jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. Plaintiff was incarcerated

at the Wilkinson County Correctional Facility ("WCCF") during the alleged events, and is

currently incarcerated at South Mississippi Correctional Institution ("SMCI"). A *Spears* hearing

was held in this case on February 23, 2017, at which Plaintiff's claims were clarified and

amended.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[2] *See Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

**ANALYSIS**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Bell *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir.

2

2008) (quoting *Twombly*, 550 U.S. at 556).

**Due Process Claim**

Plaintiff claims he was issued three RVRs on May 1, 2015, as a result of a physical interaction with Officer Julius Anderson. Plaintiff alleges that the hearing on the RVRs was untimely under MDOC policy because it did not occur within seven days.

Plaintiff alleges he was found guilty of all three violations. He states that Disciplinary Officers Shanquita Rowan and Alonzo Harvey reviewed a video of the incident, but nonetheless, should have found him not guilty. He claims that as a result of being found guilty, Shanquita Rowan recommended he be reclassified. Plaintiff also claims he lost phone privileges for 30 days and lost commissary and visitation for 18 months. Plaintiff claims that Shanquita Rowan and Alonzo Harvey finding him guilty and ordering the loss of commissary and visitation for that length of time constitutes retaliation and violation of MDOC policy. When asked to clarify the retaliation claim, Plaintiff was unable to provide specifics.[3]

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause during the disciplinary (RVR) proceeding. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents

---

[3] To the extent that Plaintiff is attempting to bring a retaliation claim against these defendants, he has failed to state a claim. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir.1999).  Defendant at the hearing would not clarify for what the defendants may have "retaliated," and thus, did not allege "a specific constitutional right, [for which] the defendant's intended to retaliate [due to] the prisoner … exercise[ing] that right." *See id.*

of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff's purported reduction in custody level and loss of visitation and commissary are not "atypical and significant hardships" of prison life. Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker,* 104 F.3d 765, 767–68 (5th Cir.1997) (inmate's temporary loss of commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Charriez v. Sec'y, Florida Dep't of Corr.*, 596 F. App'x 890, 894 (11th Cir. 2015)( Plaintiff did not have "state-created liberty interest in unfettered visitation such that a one-year suspension of his visitation privileges would impose 'atypical and significant hardship' in relation to ordinary prison life." "Withdrawal of visitation privileges for a designated period of time as a means of effecting prison discipline did 'not present a dramatic departure from the basic conditions' of confinement within [Plaintiff's] sentence.")

Moreover, Plaintiff's custody review and placement in a "security threat group" does not rise to the level of constitutional deprivation. It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano,* 427 U.S. 215 (1976); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir.1995) (a prison inmate does not have a protectable liberty interest in his custodial classification). The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio,* 910 F.2d 1248, 1250–51 (5th Cir.1990) (citations omitted).

Further, Plaintiff's complaint that MDOC policy and procedure was violated simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell,* 210 F. App'x 427, 428 (5th Cir.2006) (citing *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir1986)) ("A violation

of prison regulations, without more, does not give rise to a federal constitutional violation.")
"[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996); *see also Giovanni v. Lynn,* 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins,* 26 F .3d 541, 543 (5th Cir.1994); *Hernandez v. Estelle,* 788 F.2d at 1158.

In sum, Plaintiff has failed to present a viable Due Process claim regarding the complained of RVRs and resulting punishment. Thus, these claims and Defendants Shanquita Rowan and Alonzo Harvey shall be dismissed.

**Food Claims**

Plaintiff also claims the food at WCCF continually made him sick, the food was not sanitary, and that he lost weight. He claims that the kitchen supervisor Delvettia Davis was deliberately indifferent to his health because the food made him sick. However, Plaintiff claims that he never spoke to Davis about the issue, and does not know if Davis was aware that he became sick from the food.

The constitutional prohibition against cruel and unusual punishment, however, "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Furthermore, the Constitution "does not require that prisons be completely sanitized or as clean or free from potentials hazards as one's home might be." *McAllister v. Strain*, Civ. Action No. 09–2823, 2009 WL 5178316, at *3 (E.D.La. Dec. 23, 2009); *see also Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir.1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

While there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298. In order to establish a claim regarding conditions of confinement, the plaintiff must first show that the deprivation is objectively serious, in that the deprivation violates contemporary notions of decency. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Second, the plaintiff must show that the prison officials acted with a sufficiently culpable state of mind, i.e. deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). "Mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation." *Bosarge v. Brown*, No. 1:13CV564-KS-MTP, 2015 WL 5156767, at *5 (S.D. Miss. Sept. 2, 2015) (citing *Mendoza v. Lynauah*, 989 F.2d 191, 195 (5th Cir.1993)).[4]

---

[4] To the extent Plaintiff is suing Davis in her official capacity, that claim also fails. At the hearing he did not allege any policy, custom, or practice at the prison regarding food. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir.1987) (allegations at *Spears* hearing supersede allegations of complaint). There is no *respondeat superior* liability under Section 1983. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). Plaintiff has failed to state that anyone implemented a policy, custom, or practice that was a "moving force" behind a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Therefore, any official capacity claim against Davis is dismissed for failure to state a claim.

Plaintiff alleges that the food at WCCF is generally unsanitary. Plaintiff stated that he has not spoken to Delvettia Davis personally, nor did he indicate that she knew that the food allegedly made him sick. Under the deliberate indifference standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Plaintiff has not alleged that Delvettia Davis knew of or disregarded an excessive risk to his health. At the hearing, Plaintiff espoused that he never contacted Davis personally about the issue, nor did Davis personally know he became sick from the food. The Plaintiff's allegations for this claim constitute, at most, a claim of negligence-and do not come close to the level of culpability required for a claim of deliberate indifference. As a prison official's negligent conduct does not constitute deliberate indifference under the Eighth Amendment, the instant claim shall be dismissed for failure to state a claim upon which relief can be granted. *See Tynes v. Byrd*, No. 4:07CV209PA, 2008 WL 660419, at *1 (N.D. Miss. Mar. 6, 2008). As such, this allegation shall be dismissed for failure to state a claim, and Delvettia Davis shall be dismissed as a defendant from this action.

**Failure to Investigate and to Address Administrative Remedies Grievances**

Plaintiff claims that Janice Fountain and Sherry Rowe, who are the administrative remedy program directors, failed to investigate or deliberately delayed his many grievances. He also claims that Jody Bradley should have decided a grievance in his favor related to Plaintiff receiving RVRs. He also claims that Frank Shaw, Tira Jackson, and Gabriel Walker, as wardens, should have investigated all his complaints while at the prison, and that they failed to do so.

Plaintiff's claims clearly fail under § 1983 as he does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievances resolved to his satisfaction. *See, e.g., Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir.2005); *see also Dehghani v. Vogelgesang*, 226 F. App'x. 404, 406 (5th Cir.2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Woodland v. City of Vicksburg*, No. 5:05cv85–DCB–JCS, 2006 WL 3375256, at *3 (S.D.Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation).  Finally, Defendants' failure to respond to Plaintiff's grievance in the time required by MDOC regulations is irrelevant, as the failure of a prison official to follow a prison's regulations or policies does not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986).[5] Accordingly, these allegations shall be dismissed for failure to state a claim, and Janice Fountain, Sherry Rowe, Jody Bradley, Frank Shaw, Tira Jackson, and Gabriel Walker shall be dismissed as defendants from this action.

As discussed above, Plaintiff has failed to state claims on which relief may be granted. As such, Plaintiff shall be given a strike under 28 U.S.C. § 1915(g).  *See Comeaux v. Cockrell*,

---

[5] Such failure may prevent a defendant from effectively maintaining an exhaustion defense. *See Days v. Johnson*, 322 F.3d 863, 867 (5th Cir.2003). However, it is not a stand alone claim. See *Hernandez,* 788 F.2d at 1158.

72 F. App'x 54, 55 (5th Cir. 2003) ("The district court could dismiss part of [Plaintiff's]

complaint. . . which counted as a strike under 28 U.S.C. § 1915(g)").

## **CONCLUSION**

IT IS, THEREFORE, ORDERED THAT:

1. The Due Process claims against Shanquita Rowan and Alonzo Harvey stemming from
   Plaintiff's RVR hearing are dismissed with prejudice, and these defendants are dismissed
   from this action.

2. Plaintiff's claims against Delvettia Davis concerning the food are dismissed with
   prejudice, and she is dismissed from this action.

3. Plaintiff's claims against Janice Fountain, Sherry Rowe, Jody Bradley, Frank Shaw, Tira
   Jackson, and Gabriel Walker for failure to investigate, and for inadequately responding to
   grievances are dismissed with prejudice, and these defendants are dismissed from this
   action.

4. These dismissals shall count as a strike under 28 U.S.C. § 1915(g). Plaintiff is cautioned
   that if he accumulates three strikes, he will not be able to proceed IFP in any civil action
   or appeal filed while he is incarcerated or detained in any facility unless he is "under
   imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

5. The Motion for Summary Judgment [57] filed by Janice Fountain and Sherry Rowe is
   DENIED as moot.

SO ORDERED this the 9th day of March, 2017.

s/ Michael T. Parker
United States Magistrate Judge