**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SCOOTER LYNN ROBINSON, #L1529**                                    **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO. 5:16-CV-00041-MTP**

**FRANK SHAW, ET AL**                                                    **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Objection [87] to the Court's Order and Opinion which is liberally construed as a Motion to Alter or Amend the Judgment.[1] The Court, having considered the motion and the applicable law, finds that the Motion [87] should be denied.

On September 12, 2017, the Court entered an Opinion and Order [85] on the Motions for Summary Judgment [52][55][68][70][72] filed by the Defendants. This Order [85] dismissed all the remaining claims and a Final Judgment [86] dismissing this case was entered. On September 25, 2017, Plaintiff filed the instant motion [87].

Federal Rule of Civil Procedure 59(e) provides as follows: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court has "considerable discretion" in deciding whether to grant a motion filed under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc*., 367 F.3d 473, 477 (5th Cir. 2004)).

The Fifth Circuit has held that a Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered

---

[1] Plaintiff asks for relief from this Court's order and opinion. *See* [87] at 4.

evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc*., 333 F. App'x 1, 8 (5th Cir. 2009) (quoting *Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir.2004)). A motion to reconsider under Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald v. Entergy Operations, Inc*., No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005) (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this Court may grant a motion to alter or amend under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

Plaintiff has cited to no change in controlling law or clear error of law. Further, Plaintiff has not submitted any new evidence, but merely rehashes the arguments set forth in his previous filings.[2] He also argues that the court did not rule on his motion for summary judgment;

---

[2]Plaintiff once again argues that he did not receive certain discovery which he refers to as "undisclosed evidence." *See* [87] at 1. However, this issue has been addressed twice. *See* Order [81]; Order [84].

however, Plaintiff did not file such a motion in this case.[3] Thus, Plaintiff is not entitled to relief from the Court's Order [85] and Judgment [86] under Rule 59(e).

IT IS, THEREFORE, ORDERED:

Plaintiff's Objection [87] to the Court's Order and Opinion construed as a Motion to Alter or Amend the Judgment is DENIED. If Plaintiff is dissatisfied with the Court's rulings, he may appeal. *See* Fed. R. App. P. 4.[4]

SO ORDERED this the 12th day of October, 2017.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Plaintiff has other cases pending in the Southern District of Mississippi and may be referring to a pending motion for summary judgment in one of his other cases. *See e.g. Robinson v. Hogans, et al.,* 3:15-cv-00263-TSL-RHW, Docket Entries [114] & [119]. Plaintiff did file *responses* to some of the Defendants' motions for summary judgment in this case, which the Court considered when making its ruling. *See* Order [85].

[4] Plaintiff already filed a notice of appeal on October 10, 2017. *See* [88] at 1.